```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                             )<br>        Plaintiff,          )<br>                             )No. 2:08-cr-20435-SHM-dkv<br>v.                           )<br>                             )<br>CARLOS MORGAN,               )<br>                             )<br>        Defendant.           ) | |

```
    REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS
                           STATEMENT
```

Before the court is the May 13, 2009 motion of the defendant, Carlos Morgan, to suppress a statement taken from him on July 24, 2008 on the grounds that the statement was obtained in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).  This motion was referred by United States District Judge Samuel H. Mays to the United States Magistrate Judge for a report and determination.[1]  The government filed a timely response in opposition to the motion.  For the reasons stated below, this court recommends denial of the motion without a hearing.

---

[1] This motion was referred to the United States Magistrate Judge for determination.  However, pursuant to 28 U.S.C. § 636(b)(1)(A),(B) (2006), a magistrate judge may not determine a motion to suppress evidence in a criminal case.  Therefore, the court submits its opinion as a report and recommendation.

FACTS[2]

On July 24, 2008, officers of the Memphis Police Department Organized Crime Unit saw Morgan in the passenger seat of a vehicle engaging in a hand to hand exchange with another man in the parking lot of the Save and Stop Convenience Store located at 1461 Pendleton.  As the officers approached the vehicle, they observed a pistol in Morgan's right hand and watched him place the pistol on the floor between the passenger seat and passenger door.  The officers took Morgan into custody and retrieved the pistol.  Morgan was informed of his *Miranda* rights and signed a Rights Waiver form indicating that he understood his rights and that, with these rights in mind, he wished to answer questions.  Morgan answered the officers' questions pertaining to the firearm as well as questions regarding his criminal history.  Morgan also stated that he gave his answers "freely and voluntarily without any threats, coercion or promises."  Morgan then signed the statement indicating that it was "true and correct".

Morgan now moves the court to have his statements suppressed, asserting that "he did not knowingly, voluntarily and intelligently waive his rights," because "the decision to waive his *Miranda* rights was not made with full awareness, of either the nature of

---

[2] The defendant gave no factual basis for his motion. Therefore, for the purposes of this order, the court accepts the facts as set forth by the government in its response to the Defendant's motion to suppress.

the right being abandoned or the consequences of the decision to abandon it."

## ANALYSIS

In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), the Supreme Court pronounced that there are certain rights that a suspect must be advised of before conducting a custodial interrogation. A custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444. The Supreme Court has defined interrogation as "express questioning or its functional equivalent," consisting of "words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980); *United States v. Clark*, 982 F.2d 965, 968 (6th Cir. 1993).

According to *Miranda*, law enforcement officers must advise a defendant of his right to remain silent, that anything he says may be used against him, and that he has a right to have an attorney, either retained or appointed, present during interrogation. *Miranda*, 384 U.S. at 444. The clear rule is that "[w]hen police ask questions of a suspect in custody without administering the required warnings, *Miranda* dictates that the answers received be presumed compelled and that they be excluded from evidence at trial

in the [government's] case in chief." *Oregon v. Elstad*, 470 U.S. 298, 317 (1985).

A suspect, however, may knowingly, voluntarily and intelligently waive these rights. *Miranda*, 384 U.S. at 444. In determining whether a suspect has validly waived his rights, a trial court should consider the following factors:

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception. Second, the waiver must have been made with full awareness, both of the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of circumstances surrounding the investigation" reveal both an uncoerced choice and the requisite level of comprehension may a court conclude that the *Miranda* Rights have been waived.

*Machaeck v. Hofbauer*, 213 F.3d 947, 954 (6th Cir. 2000) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). "Whether a waiver is knowing and intelligent is determined by the particular facts and circumstances of the case, 'including the background, experience, and conduct of the accused.'" *Machaeck*, 213 F.3d at 954 (quoting *Johnson v. Zerbest*, 304 U.S. 458, 464 (1938)).

Furthermore, "[i]t is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Giacalone*, 853 F.2d 470, 482 (6th Cir. 1988) (quoting *United States v. Feldman*, 606 F.2d 673, 679 (6th Cir. 1979)). The defendant must make an initial showing of contested facts to be entitled to an evidentiary hearing.

4

*Giacalone*, 853 F.2d at 483.

In *Giacalone*, the defendants filed a motion for suppression alleging that the government did not properly limit the scope of its audio surveillance. *Id.* at 482. Instead of giving specific examples of conversations which should not have been monitored, the defendants requested an evidentiary hearing. *Id.* The district court found that "[the] defendants had failed to make a 'sufficiently definite, specific, detailed and nonconjectural showing of a material issue of fact so as to justify an evidentiary hearing." *Giacalone*, 853 F.2d at 482 (citing *United States v. Ledesma*, 499 F.2d 36 (9th Cir. 1974)). On appeal, the Sixth Circuit Court of Appeals affirmed the district court holding that the district court did not abuse its discretion in denying an evidentiary hearing when the defendants failed to make an initial showing of contested facts. *Giacalone*, 853 F.2d at 483.

Morgan alleges that "he did not knowingly, voluntarily and intelligently waive his rights," because "the decision to waive his Miranda rights was not made with full awareness, of either the nature of the right being abandoned or the consequences of the decision to abandon it." Morgan has failed, however, to set forth any specific material contested facts as to why the decision to waive his right was not made with full awareness.

The Rights Waiver form specifically lists the *Miranda* rights and asks two pertinent questions. One, "[d]o you understand each

5

of these rights I have explained to you?" and two, "[h]aving these rights in mind do you wish to answer my questions at this time?" Morgan responded in the affirmative to both of the preceding questions and placed his initials next to this response. Furthermore, Morgan also answered in the affirmative when asked "[h]ave you given these answers freely and voluntarily without any threats, coercion, or promises?"  The final question of the form reads, "I will now ask you to read this statement and if it is true and correct I will ask you to initial each page except the last. I will ask you to sign, date, and put the time on the last page. Do you understand?"  Morgan answered affirmatively and then complied by initialing and signing the Rights Waiver form.  In his motion, Morgan did not contest any of the responses given on the Rights Waiver form nor did he allege any coercive activity by the government or lack of ability to understand on his part.

Instead, Morgan claims that he did not waive his right with full awareness of the nature of the right being abandoned and the consequences of the decision to abandon it.  Morgan failed, however, to include any factual basis, such as his background, experience, or conduct, as to why he was not fully aware of the nature of the right or the consequences of abandoning it. *Machaeck*, 213 F.3d at 954.  Due to the fact that Morgan has failed to meet his burden of production necessary to require an evidentiary hearing, the motion to suppress should be denied

6

without a hearing.  *Giacalone*, 853 F.2d  at 483.

## CONCLUSION

For the reasons stated above, this court recommends that the defendant's motion should be denied without a hearing, and the hearing set July 7, 2009, is canceled.

IT IS SO ORDERED this 29th day of June 2009.


<u>s/Diane K. Vescovo</u>
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE