IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 08-20435** |
| ) | |
| **CARLOS MORGAN,** ) | |
| ) | |
| **Defendant.** ) | |

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court is Defendant Carlos Morgan's May 13, 2009 motion to suppress. The United States responded on May 22, 2009. The motion was referred to Magistrate Judge Diane K. Vescovo on May 15, 2009. On June 29, 2009, Magistrate Judge Vescovo filed her Report and Recommendation recommending that the Defendant's motion to suppress be denied without a hearing. Defendant did not file an objection.

**I.  BACKGROUND**

On June 24, 2008, officers of the Memphis Police Department Organized Crime Unit patrolled the Save and Stop Convenience Store on 1461 Pendleton. The officers approached a vehicle after seeing Defendant in the passenger seat engaging in a hand to hand exchange with another male. When they approached, the

officers saw the Defendant place a pistol along the floorboard between the passenger seat and the door.

The officers took the Defendant into custody and retrieved the pistol. Defendant was informed of his Miranda rights and signed a Rights Waiver form indicating that he understood his rights and that, with these rights in mind, he wished to answer questions. Morgan answered the officers' questions pertaining to the firearm as well as questions about his criminal history. Morgan also stated that he gave his answers "freely and voluntarily without any threats, coercion or promises." Morgan then signed the statement indicating that it was "true and correct."

Morgan filed this May 13, 2009, motion to suppress alleging that "he did not knowingly, voluntarily and intelligently waive his rights," because "the decision to waive his Miranda rights was not made with full awareness, of either the nature of the right being abandoned or the consequences of the decision to abandon it." (Def.'s Motion to Suppress 1-2.)

## II. ANALYSIS

A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of

2

the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  The district court is not required to review—"under a de novo or any other standard"—those aspects of the report and recommendation to which no objection is made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  Id. at 151; see also United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

On June 29, 2009, Magistrate Judge Vescovo issued a Report and Recommendation recommending the denial of Defendant's motion to suppress without a hearing.  The report found that Defendant had failed to meet the burden of production necessary to require an evidentiary hearing.  "It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression."  United States v. Giacalone, 853 F.2d 470, 482 (6th Cir. 1988) (quoting United States v. Feldman, 606 F.2d 673, 679 (6th Cir. 1979)).  The defendant must make an initial showing of contested facts to be entitled to an evidentiary hearing.  Id. at 483.

Morgan alleges that "he did not knowingly, voluntarily and intelligently waive his rights" despite the fact that he signed a Rights Waiver.  The Rights Waiver enumerates the Miranda rights and asks: (1) "[d]o you understand each of these rights I

3

have explained to you?" and (2) "[h]aving these rights in mind do you wish to answer my questions at this time?"  Defendant responded in the affirmative to both of the preceding questions and initialled and signed the form.  Furthermore, when asked, "[h]ave you given these answers freely and voluntarily without any threats, coercion, or promises?" the Defendant answered in the affirmative.  Although Defendant alleges that he did not waive his rights with the full awareness of the nature of the rights abandoned and the consequences of the decision to abandon them, he has not stated any factual basis on which the court might conclude that he was not fully aware of the nature of the rights or the consequences of abandonment.  Therefore, the Magistrate found that the Defendant had failed to meet the burden of production necessary to require an evidentiary hearing and recommended that his motion to suppress be denied without a hearing.  See Giacalone, 853 F.2d at 483.

    The Defendant was given until July 14, 2009 to file any objections.  No objections were filed.  Therefore, this Court ADOPTS the Magistrate's Report and Recommendation and DENIES the Defendant's motion to suppress without a hearing.  See Thomas, 474 U.S. at 150-52.

    **III. CONCLUSION**

4

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation denying Defendant's motion to suppress.  Defendant's motion to suppress is DENIED.

So ordered this 12th day of November, 2009.

                                            s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE